UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

NO. 1:19-CV-515

| | | |
|---|---|---|
| ARIS HINES & | | |
| BRANDI THOMASON, | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| TERRY S. JOHNSON, individually and | : | COMPLAINT |
| in his Official capacity as Sheriff of | : | (Jury Trial Requested) |
| Alamance County, RANDY JONES, | : | |
| individually and in his official capacity as | : | |
| Deputy Sheriff of Alamance County, DOE | : | |
| DEPUTIES 1 – 10, and ALAMANCE | : | |
| COUNTY, | : | |
| Defendants. | : | |

_____

COMES NOW the Plaintiffs, ARIS HINES and BRANDI THOMASON, by and
through their undersigned attorney, and alleges and says as follows:

**NATURE OF THE CASE**

1.  This is a civil action seeking compensatory and punitive damages, pursuant to 42
    U.S.C. §1983, for the deprivation of the Plaintiffs' civil rights by the Defendants, and
    specifically, Plaintiffs' Constitutional Right to Due Process, and Right to Privacy.
    This action also asserts violations of the North Carolina Constitution, violation of
    N.C.G.S. §126-84 (which provides protection for the Plaintiffs' reporting of improper
    governmental activities), and common law claims of Defamation, Slander, Slander
    *Per Se*, Malicious Prosecution, Abuse of Process, Negligent Infliction of Emotional
    Distress and Intentional Infliction of Emotional Distress.

## JURISDICTION & VENUE

2. Jurisdiction is founded upon 28 U.S.C. §1331 and 1343 (3); 42 U.S.C. §1983; and the First, Ninth and Fourteenth Amendment to the United States Constitution. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

3. Furthermore, Plaintiffs bring their complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00 for both Plaintiffs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants resides in this District and because a substantial part of the events giving rise to Plaintiffs claims occurred in this District.

5. Plaintiffs reserves the right to amend complaint to add parties, and or other causes of actions as necessary and as allowable under applicable law.

## PARTIES

6. The Plaintiffs are citizens and residents of Bell County, Texas, suffering no legal disability.

7. Upon information and belief, Defendant Terry S. Johnson is a resident of Alamance County, North Carolina, is and was the Sheriff of Alamance County, and was acting within the scope of his employment and under color of law at all times pertinent to the incidents complained of herein.

8. Upon information and belief, Defendant Randy Jones is a resident of Alamance County, North Carolina, is and was Deputy Sheriff of Alamance County, and was

acting within the scope of his employment and under color of law at all times pertinent to the incidents complained of herein.

9. At all relevant times, Defendants Doe Deputies 1-10 have been, or were, members of the Alamance County Sheriff's Office. They are sued in their individual capacities and are "persons" subject to suit within the meaning of 42 U.S.C. § 1983. The true names of Defendants Doe Deputies 1-10 are unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named Defendants is responsible for some part of the conduct or liabilities alleged herein. Discovery will reveal further information concerning Doe Deputies 1-10, but Plaintiffs are informed and believes, and thereon alleges, that Doe Deputies 1-10 have been domiciled in North Carolina at all relevant times.

10. Defendant Alamance County, North Carolina, is a political subdivision of the State of North Carolina and is a person within the meaning of 42 U.S.C. § 1983.

11. At all times mentioned herein, Defendants were acting under color of law.

## FACTS

12. It is the policy, practice and custom of the Defendant Sheriff Terry Johnson to himself participate in and permit deputy sheriffs to make false and illegal arrests, to deprive citizens of their liberty without due process of law, to maliciously prosecute citizens, to routinely engage in harassing conduct against citizens, and to slander and defame citizens and their reputations. It is also the policy, practice and custom of Defendant Sheriff Terry Johnson to employ as deputy sheriffs, law enforcement

officers and corrections officer's persons who have not been properly trained. As a matter of custom, policy and practice, Defendant Sheriff Terry Johnson:

    a.  has failed to adequately train, supervise and control himself, deputy sheriffs, law enforcement officers and corrections officers;

    b.  has failed to take appropriate remedial action against himself, deputy sheriffs, law enforcement officers and corrections officers who engage in harassing behavior against citizens;

    c.  has failed to take appropriate remedial action against himself, deputy sheriffs, law enforcement officers and corrections officers who slander and defame citizens and their reputations;

    d.  has encouraged and ratified deputy sheriffs', law enforcement officers', corrections officers' and his agents' illegal acts as set out above, all by Defendant Sheriff Terry Johnson's acts and omissions.

13. Defendant Sheriff Terry Johnson has ratified said policies, practices and customs by permitting, encouraging and tolerating a pattern and practice of false illegal arrests and seizures, of deprivation of the rights of citizens without due process of law, of harassment of citizens, and of slander and defamation of citizens and their reputations, by his failure to seizures, of deprivation of the rights of citizens without due process of law, of harassment of citizens, and of slander and defamation of citizens and their reputations, by his failure to properly train and discipline himself, deputy sheriffs, law enforcement officers and corrections officers for such illegal actions.

14. On May 6, 2016, an arrest warrant was issued for Plaintiffs Hines and Thomason for the alleged offenses of Felony Common Law Obstruction of Justice and Felony Obtaining Property by False Pretenses.

15. Plaintiffs' arrest, seizure and deprivation of his rights violated both state and federal laws.

16. Plaintiffs were held in Alamance County jail, without probable cause, for several days.

17. Plaintiffs were released from Alamance County Jail only after having their bond reduced from $3,000,000 to $10,000.00 each by a district court judge upon hearing the scanty allegations against Plaintiffs.

18. Defendants harassed and threatened Plaintiffs while they were being held and after their illegal arrest and seizure.

19. At all times relevant to this action, Plaintiff Hines was engaged to Plaintiff Thomason.

20. Defendants continued a methodical process of continued harassment against Plaintiffs even after their release from custody.

21. Defendants have defamed Plaintiffs and their families and damaged Plaintiffs' reputation, by publishing and disseminating false statements about Plaintiffs, including but not limited to false allegations of criminal activity, and by disseminating such information to members of the general public.

22. On or about May 16, 2016, Defendant Terry Johnson publically stated in reference to Plaintiffs' charges "This has the smell of a human trafficking organization." Additionally, he also stated "But the operation, is much bigger than Hines, Thomason

and the Eastern Alamance student who was recruited." Johnson continued "We're looking into all aspects of human trafficking. Workforce, athletes, sex trafficking, whatever. We're going to cover all the bases … These are the things I have asked them to dig and look into."

23. On or about May 17, 2016, Terry Johnson publically said of Plaintiffs "There is also evidence that Hines and Thomason may have committed similar crimes in Oklahoma and West Virginia." "I think, probably, they're the only two in Alamance County, but I think there's a bigger organization out there from Charlotte to Oklahoma, West Virginia, overseas, etc." Johnson added that "More charges are expected against the couple. These arrests may be the tip of the iceberg that we intend to break."

24. On or about May 17, 2016, Defendant Terry Johnson also publically stated "[b]eyond allegedly scamming countless other families, [Aris Hines and Brandi Thomason] could be part of a larger human trafficking organization involving the recruitment of foreign students to the United States to go to nonexistent private schools and play sports." He also definitively stated that "We know they've got someone over in these foreign countries, which is typical of human trafficking, that is handling the situation over there, shipping them, Hines receives them, then Hines disperses them wherever he can."

25. On or about May 17, 2016 Defendant Terry Johnson said that he "believed Hines and Thomason presented a flight risk" in regards to Plaintiffs bond conditions.

26. In a news conference on or about May 17, 2016, Defendant Terry Johnson alleged that the student-athlete incident could be part of a broader human trafficking scheme. Johnson alleges the couple unsuccessfully tried to enroll three other female juveniles

into the Alamance-Burlington school system. Defendant Terry Johnson later publicly stated "This causes me, folks, grave concern for where these young ladies are at."

27. Defendant Terry Johnson publicly stated authorities are searching for three girls who Sheriff Terry Johnson says were last seen with the [Plaintiff Hines] at the center of a human trafficking investigation. When deputies began their search, Sheriff Johnson says they didn't have much to go on except for a gut feeling that something was not right.

28. Nonetheless, the three girls were later found safely and Plaintiffs were never charged with human trafficking.

29. On or about May 18, 2016, Defendant Terry Johnson said in a news conference he believes the discovery of kids living in deplorable conditions at the [Plaintiffs'] home is a part of a bigger organization.

30. Defendant caused and allowed other defamatory statements against Plaintiffs said at other times using other news sources, outlets and publications.

31. Defendants' false and illegal arrest and seizure of Plaintiffs caused Plaintiffs to have to employ an attorney to represent them on false criminal charges, for which they had to pay said attorney, and which they are entitled to recover from Defendants.

32. On or about July 6th 2018, the charges against Plaintiffs in Alamance County were dismissed.

33. Defendants' false and illegal arrest of Plaintiffs caused Plaintiffs to spend additional monies as a result of the false criminal charges, which they are entitled to recover from Defendants.

34. Defendants' false and defamatory statements have defamed Plaintiffs and their families and damaged Plaintiffs' reputations such that Plaintiffs had to move outside of the State of North Carolina.

35. Defendants' false and illegal arrest, seizure of Plaintiffs, and defamatory statements have interfered with Plaintiffs' income and has resulted in great financial damage to Plaintiffs, for which they are entitled to damages from Defendants.

36. As a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered serious and permanent financial, physical, psychological and emotional injury, for which they received and are continuing to receive medical, psychological and psychiatric attention, and as a result of which they have incurred medical and other expenses, lost wages and other financial losses.

37. As a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered permanent physical, psychological and emotional injury.

38. Also as a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered severe emotional distress, severe depression, panic disorders, post-traumatic stress disorder, humiliation, embarrassment, public ridicule, damage to their reputations, and other pecuniary and non-pecuniary losses.

39. All actions of Defendants were carried out in their capacities as sheriff, deputy sheriffs, law enforcement or corrections officers of and pursuant to policies and practices of Defendant Sheriff Terry Johnson.

**FIRST CAUSE OF ACTION**

**42 U.S.C SECTION 1983**

40. The allegations set forth in paragraphs 1 through 39 inclusive are incorporated herein as if fully set forth.

41. Defendants allowed his officers who acted under his authority to stop detain and arrest the Plaintiffs without any prior investigation and or corroboration of any information that had been received.

42. That although the information received had not been supported by independent investigation, Defendant Sheriff Terry Johnson and Deputy Randy Jones caused to be made disseminated and transmitted, prejudicial, hateful and downright untruthful statements that were intentionally and maliciously made to damage Plaintiffs and cause them ridicule in public.

43. As such, Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for their failure, incompetence and/or negligence as supervisory and/or managerial officers in investigating the facts, resulting in the deprivations of Plaintiffs' rights, privileges or immunities secured by the United States Constitution, pursuant to 42 U.S.C. Section 1983.

**SECOND CAUSE OF ACTION**

**42 U.S.C SECTION 1983**

44. The allegations set forth in paragraphs 1 through 43 inclusive are incorporated herein as if fully set forth.

45. That Defendants Alamance County Sheriff Terry Johnson, Deputy Randy Jones in their official capacities had supervisory authority and supervised and or hired the other defendants that are listed in this complaint.

46. That the other defendants including but not limited to Doe- Deputies 1-10 were unfit to perform their duties when they failed to investigate the crimes and or perform any type of independent corroborations of the alleged false claims.

47. That Defendants Alamance County Sheriff Terry Johnson, Deputy Randy Jones knew or should have known about Defendants Doe Deputies 1-10's incompetence and that the investigations were untrue and or that there were no independent corroboration and or investigations to support these allegations and their veracity.

48. And that this incompetence created a particular risk to the Plaintiffs.

49. And that such incompetence and negligence in supervision was a factor and played a leading role in the factors causing harm to Plaintiffs.

50. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiff for their inadequate and/or negligent supervision and control as supervisory and/or managerial officers of their subordinates, resulting in the deprivation of Plaintiff's rights, privileges or immunities secured by the United States Constitution, pursuant to 42 U.S.C. Section 1983.

### THIRD CAUSE OF ACTION

### 42 U.S.C SECTION 1983

51. The allegations set forth in paragraphs 1 through 50 inclusive are incorporated herein as if fully set forth.

52. That the Defendants maliciously prosecuted the Plaintiffs without any justification and that it was done with no legal justification, and in so doing abused the legal process with no legal justification.

53. Defendants abused process when he used the frivolous charges filed, to demean and ridicule Plaintiffs through his statements and press conferences which were only designed to harass Plaintiffs and their families.

54. That Defendants knew that the maliciously obtained documents had no truth to it and had not been thoroughly investigated, but continued to use the ill-gotten information to threaten harass and intimidate Plaintiffs.

55. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for having maliciously prosecuted them in deprivation of their rights, privileges or immunities secured by the United States Constitution, pursuant to 42 U.S.C. Section 1983 and further abused process in a bid to further harass Plaintiffs and their families.

## FOURTH CAUSE OF ACTION

### 42 U.S.C SECTION 1983

56. The allegations set forth in paragraphs 1 through 55 inclusive are incorporated herein as if fully set forth.

57. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for having invaded his privacy and disparaged his integrity in deprivation of his rights, privileges of immunities secured by the United States Constitution, in violation of 42 U.S.C. Section 1983.

## FIFTH CAUSE OF ACTION

### 42 U.S.C SECTION 1983

58. The allegations set forth in paragraphs 1 through 57 inclusive are incorporated herein as if fully set forth.

59. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for having caused him severe humiliation and embarrassment in deprivation of his rights, Privileges of immunities secured by the United States Constitution in violation of 42 U.S.C. Section 1983.

## SIXTH CAUSE OF ACTION

## 42 U.S.C SECTION 1983

60. The allegations set forth in paragraphs 1 through 59 inclusive are incorporated herein as if fully set forth.

61. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiff for committing slander, libel and/or defamation against Plaintiff, damaging his reputation and livelihood in deprivation of his rights, privileges or immunities secured by the Constitution in violation of 42 U.S.C. 1983.

62. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones made untrue derogatory statements in their official capacities and under color of law against the Plaintiffs.

63. The publication of such statements were defamatory and harmed the reputation of Plaintiffs as to lower them in the estimation of their community and deterred third persons from associating or dealing with them.

64. As such Plaintiffs lost their gainful employment and were unable to find alternate and or suitable employment in North Carolina because the statements by Defendants caused them to be ostracized, ridiculed and shamed in their community.

65. Further causing Plaintiffs to lose their rights and interest in their homes and were unable to secure alternate housing.

66. Plaintiffs were left with no choice but to relocate out of the State of North Carolina.

## SEVENTH CAUSE OF ACTION

### 42 U.S.C SECTION 1983

67. The allegations set forth in paragraphs 1 through 66 inclusive are incorporated herein as if fully set forth.

68. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiff for their failure, incompetence and/or negligence as supervisory and/or managerial officers in investigating the facts, resulting in the deprivations of Plaintiffs' rights, privileges or immunities secured by the United States Constitution, pursuant to 42 U.S.C. Section 1983.

## EIGHT CAUSE OF ACTION

### 42 U.S.C SECTION 1983

69. The allegations set forth in paragraphs 1 through 68 inclusive are incorporated herein as if fully set forth.

70. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, and Alamance County, improperly and/or negligently trained, supervised, monitored and/or disciplined Doe Deputies 1-10 and their subordinate officers resulting in the

deprivation of Plaintiffs' rights, privileges or immunities served by the United States Constitution, pursuant to 42 U.S.C. Section 1983.

## NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. The allegations set forth in paragraphs 1 through 70 inclusive are incorporated herein as if fully set forth.

72. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to plaintiffs for the intentional infliction of emotional distress. The Defendants and the various other defendants acting either personally or through their agents, falsely represented to the Plaintiffs and the news media that Plaintiffs had committed a heinous crime bordering on being a member of an international human trafficking ring.

73. This cause of action and claim results from circumstances and facts that occurred when Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County intentionally relied on information that was obviously false and unreliable and gave statements on May 16 2016, May 17th 2017, May 18th 2016, and on later occasions. That Defendants at the time, knew said statements were false and that said statements were calculated to cause and did in fact cause irreparable harm to the Plaintiffs.

74. The North Carolina Defendants' actions constitute outrageous conduct insofar as they were without any basis in fact and likely to cause to be ostracized and ridiculed by his community because of his alleged involvement in such a crime.

75. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10 intentionally caused Plaintiffs emotional distress, and/or acted in reckless disregard of the likelihood of causing Plaintiffs emotional distress in committing these acts.

76. That Plaintiffs had to seek medical help to assist them with coping with the difficulties of the trauma and embarrassments that had been caused by the Defendants.

77. As a direct and proximate result of the aforesaid intentional infliction of emotional distress, the plaintiffs have suffered and continue to suffer severe and grievous mental anguish, emotional and physical distress and other damages, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00, and they are therefore entitled to an additional award of punitive damages in an amount to be set by the jury.

78. Plaintiffs have incurred and continue to incur medical expenses and other damages in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

## MALICOUS PROSECUTION AND ABUSE OF PROCESS

79. The allegations set forth in paragraphs 1 through 78 inclusive are incorporated herein as if fully set forth.

80. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for slander and abuse of process.

81. An action in tort for malicious prosecution is based upon a defendant's malice in causing process to issue." *Middleton v. Myers*, 299 N.C. 42, 44, 261 S.E.2d 108, 109

(1980). To be meritorious under a claim for malicious prosecution, the Plaintiffs must show inter alia;

82. "[1] that defendant initiated the earlier proceeding, [2] that he did so maliciously and [3] without probable cause, and [4] that the earlier proceeding terminated in plaintiff's favor." *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611 (1979).

83. In the instant case, there is clear evidence that the defendants initiated a prior frivolous action against Plaintiffs and caused or caused to be instituted against them criminal charges that were at best unsubstantiated.

84. Further, there is evidence to show that it was done maliciously and without justifiable cause in which the Defendants showed reckless and wanton conduct.

85. Further, the initial prosecution was done without probable cause.

86. And that on or about July 6th 2018, the charges against Plaintiffs in Alamance County were dismissed.

87. The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use after it has been issued. *Barnette v. Woody,* 242 N.C. 424, 431, 88 S.E.2d 223, 227 (1955).

88. Defendants abused process when he used the frivolous charges filed, to demean and ridicule Plaintiffs through his statements and press conferences which were only designed to harass Plaintiffs and their families.

89. That Defendants knew that the maliciously obtained documents had no truth to it and had not been thoroughly investigated, but continued to use the ill-gotten information to threaten harass and intimidate Plaintiffs.

90. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for having maliciously prosecuted them in deprivation of their rights and further abused process in a bid to further harass Plaintiffs and their families.

91. As a direct and proximate result of the aforesaid malicious prosecution and abuse of process, the plaintiffs suffered damages, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00, and they are also entitled to an additional award of punitive damages in an amount to be set by the jury.

92. This cause of action and claim results from circumstances and facts that are so related to claims within the federal question jurisdiction of the court as to constitute part of the same claim and controversy under Article III of the United States Constitution. Further, the court has independent jurisdiction to hear this cause of action under 28 U.S.C. section 1332 (diversity of citizenship jurisdiction).

## ELEVENTH CAUSE OF ACTION

### SLANDER, DEFAMATION AND SLANDER *PER SE*

93. The allegations set forth in paragraphs 1 through 91 inclusive are incorporated herein as if fully set forth.

94. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for defamation and slander *per se*. The statements made in public by the defendants were defamatory words, capable of only one meaning, Viz., that Plaintiffs were involved in and/or were human traffickers. That the spoken words were defamatory and constitute

slander *per se* for the additional reason that defendants stated and/or implied that Plaintiffs had committed many crimes involving human trafficking.

95. The statements, made and published by defendants, and directed at the Plaintiffs herein were false, untrue and defamatory. That these spoken words ridiculed, vilified and humiliated Plaintiffs in the eyes of their children and in the eyes of the public.

96. These statements were made on May 16, 2016, May 17, 2016, and May 18, 2016 as well as other statements made thereafter in other various news media and outlets to the hearing of Plaintiff's community and the world at large.

97. That at all times hereinbefore mentioned, Plaintiffs had a good character and reputation and had never committed human trafficking. Their good name and reputation were injured and damaged by these false statements and accusations.

98. That these statements by defendants were believed by those who heard the statements, and disgraced Plaintiffs in the eyes of a respectable segment of the society. That Plaintiffs were greatly embarrassed and suffered great mental pain and anguish and damages, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00, and they are also entitled to an additional award of punitive damages in an amount to be set by the jury.

99. Moreover, the actions of defendants were willful and intentional by reason of which Plaintiffs are entitled to punitive damages in the additional sum in excess of $75,000.00 from defendants, jointly and severally.

100. This cause of action and claim results from circumstances and facts that are so related to claims within the federal question jurisdiction of the court as to constitute part of the same claim and controversy under Article III of the United States

Constitution. Further, the court has independent jurisdiction to hear this cause of action under 28 U.S.C. section 1332 (diversity of citizenship jurisdiction).

## TWELFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

101. The allegations set forth in paragraphs 1 through 100 inclusive are incorporated herein as if fully set forth.

102. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10, and Alamance County, are liable to Plaintiffs for the negligent infliction of emotional distress. Under North Carolina state law, a cause of action for negligent infliction of emotional distress is established when the defendant negligently engaged in conduct in which it was reasonably foreseeable that such conduct would cause the Plaintiffs severe emotional distress and the conduct did in fact cause the Plaintiffs severe emotional distress. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 435 S.E.2d 320 (1993) citing *Johnson v. Ruark Obstetrics and Gynecology Assocs.*, 327 N.C. 283, 395 S.E.2d 85 (1990). To the most casual observer, the conduct of the defendants could reasonably be foreseen to have caused the Plaintiffs severe emotional distress, and they were in fact caused such distress.

103. This cause of action and claim results from circumstances and facts that are so related to claims within the federal question jurisdiction of the court as to constitute part of the same claim and controversy under Article III of the United States Constitution. Further, the court has independent jurisdiction to hear this cause of action under 28 U.S.C. section 1332 (diversity of citizenship jurisdiction).

104. As a direct and proximate result of the above described negligent infliction of emotional distress, the Plaintiffs have suffered severe emotional distress and damages, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00 for which sum they pray judgment.

105. The actions of Defendants herein constituted an unlawful and false arrest and seizure of Plaintiffs' person, invasion of her privacy, malicious prosecution, unlawful

106. As a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered serious and permanent financial, physical, psychological and emotional injury, for which they received and are continuing to receive medical, psychological and psychiatric attention, and as a result of which they have incurred medical and other expenses, lost wages and other financial losses.

107. As a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered permanent physical, psychological and emotional injury.

108. Also as a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered severe emotional distress, severe depression, panic disorders, post-traumatic stress disorder, humiliation, embarrassment, public ridicule, damage to their reputation, and other pecuniary and non-pecuniary losses.

109. All actions of Defendants were carried out in their capacities as sheriff, deputy sheriffs, law enforcement or corrections officers of and pursuant to policies and practices of Defendant Sheriff Terry Johnson.

**DAMAGES**

110. As a result of the aforementioned conduct, Plaintiffs Aris Hines and Brandi Thomason have sustained the following damages and injuries: deprivation and violation of their constitutional rights; deprivation and violation of their common law and state rights; permanent arrest records; violation of their privacy; permanent injuries to their reputations; economic injuries; emotional and mental injuries; violation of their integrity; loss of valuable time; embarrassment, humiliation, compensatory damages; punitive damages; and all other injuries set forth above.

WHEREFORE, Plaintiffs, ARIS HINES and BRANDI THOMASON, respectfully requests prays:

1. That the Court empanel a jury to hear her cause;

2. That the Court awards Plaintiffs compensatory damages, punitive damages, economic damages, against Defendants in such sums as Plaintiffs demonstrate by the evidence;

3. That the Court awards Plaintiffs their reasonable attorneys' fees, costs and expenses incurred in this action; and

4. Other and further relief as the facts warrant and justice requires.

/s/Onyema A. Ezeh
Onyema A. Ezeh
Attorney for Plaintiffs
N.C. State Bar No.: 43394
2520 Sardis Road North, Suite 112
Charlotte, NC 28227
Telephone: (704) 817-8774

/s/M. Anthony Burts II
M. Anthony Burts II
Attorney for Plaintiffs
N.C. State Bar No.: 49878
2520 Sardis Road North, Suite 112
Charlotte, NC 28227

Telephone (704) 751-0455