# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTICT OF NORTH CAROLINA

| | |
|---|---|
| ARIS HINES and ) | |
| BRANDI THOMASON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:19CV515 |
| ) | |
| TERRY S. JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiffs' Motion to Amend Complaint and Add Party Defendants. (Docket Entry 16.) For the following reasons, the undersigned recommends that Plaintiffs' motion be granted to the extent described below.

## I. BACKGROUND

Plaintiffs' original complaint raised twelve causes of action against Defendants Terry S. Johnson (individually and in his official capacity as Sheriff of Alamance County), Randy Jones (individually and in his official capacity as Deputy Sheriff of Alamance County), Alamance County, and Doe Deputies 1-10 of the Alamance County Sheriff's Office, including eight causes of action pursuant to 42 U.S.C. § 1983 and four North Carolina common law claims for intentional infliction of emotion distress, malicious prosecution and abuse of process, slander, and negligent infliction of emotional distress. (*See generally* Compl., Docket Entry 1.) These claims all stem from Plaintiffs' May 6, 2016 arrest for the alleged offense of Felony Common Law Obstruction of Justice and Felony Obtaining Property by False

Pretenses by Defendants in Alamance County, North Carolina, and public statements made by Defendant Johnson following the arrests.[1] (*See id.* ¶¶ 14-29.) Defendants moved to dismiss all of Plaintiffs' claims pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 6.) The Court denied Defendants' motion as to Plaintiffs' claim for intentional infliction of emotional distress against Defendants Johnson, Jones, and Doe Deputies 1-10 (collectively "Individual Defendants") in their individual capacities but granted Defendants' motion as to Plaintiffs' other claims. (Docket Entry 15 at 61-62.) Specifically, the Court dismissed with prejudice all eight of Plaintiffs' § 1983 claims against Defendants in all capacities; dismissed with prejudice Plaintiff's claims for malicious prosecution and abuse of process and negligent infliction of emotional distress against the Individual Defendants in their individual capacities; and dismissed *without* prejudice Plaintiffs' claims for intentional infliction of emotional distress, malicious prosecution and abuse of process, and negligent infliction of emotional distress against the Individual Defendants in their official capacities. (*Id.* at 61-62.)[2] The Court also determined that Alamance County was an improper party and dismissed all claims against this Defendant. (*Id.* at 10.)

Following the Court's ruling, Plaintiffs filed the instant motion to amend their complaint. (Docket Entry 16.) In support of their motion, Plaintiffs filed an Attorney Affidavit describing the proposed amendments (Docket Entry 16-1), and in accordance with

---

[1] More specifically, Plaintiffs allege that Defendants "harassed and threatened Plaintiffs while they were being held" and defamed Plaintiffs by "publishing and disseminating false statements about Plaintiffs," including allegations that they were involved in an international human trafficking scheme. (Compl. ¶¶ 18-30.)

[2] All citations to documents filed in this case refer to the page number appearing at the bottom right-hand corner of the document as it appears in the Court's CM/ECF system.

Local Rule 15.1, a proposed Amended Complaint (Am. Compl., Docket Entry 16-2). Defendants filed a response in opposition (Docket Entry 18), and Plaintiffs filed a reply (Docket Entry 19).

## II. DISCUSSION

Plaintiffs seek leave to amend their complaint for three reasons. First, they seek to add NGM Insurance Company, Surety of the Sheriff's Bond, and John Doe Corporation, in its capacity as Surety on the Official Bond of the Sheriff of Alamance County as defendants. (Docket Entry 16-1 at 1.) Second, they seek to modify their claims of intentional infliction of emotional distress, malicious prosecution, abuse of process,[3] and negligent infliction of emotional distress. (*Id.*) Finally, they seek "to amend the Complaint as stated in the Honorable Court's Order" to allege a waiver of governmental immunity such that claims might proceed against Individual Defendants in their official capacities. (*Id.* (referencing Docket Entry 15 at 45-46).)

### A. Subject Matter Jurisdiction

In opposition to Plaintiffs' motion to amend, Defendants argue that this Court lacks jurisdiction over this entire matter because the amount in controversy does not meet the requirements of 28 U.S.C. § 1332.[4] (Docket Entry 18 at 3.) "Because subject matter jurisdiction serves as a limitation on the court's power, the court must address these arguments

---

[3] In Plaintiffs' original Complaint, "malicious prosecution and abuse of process" constituted a single cause of action. (*See* Compl. ¶¶ 79-92.) In their Amended Complaint, these claims are raised separately as Counts Two and Three. (*See* Am. Compl. ¶¶ 54-97.)

[4] As described above, Plaintiffs' Amended Complaint contains only state law claims, thus this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 over any claims in the matter.

first." *Emiabata v. BB&T*, No. 1:17CV529, 2018 WL 704714, at *2 (M.D.N.C. Feb. 1, 2018) (citing *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999)).

Federal district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. "A court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) (quoting *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)).

"As to the amount in controversy requirement, the general rule is that the plaintiff's good faith allegation of the amount of recoverable damages is taken at face value." *Sutherland v. Domer*, No. 1:17CV769, 2018 WL 4398259, at *8 (M.D.N.C. Sept. 14, 2018) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). "In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination. If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury*, 303 U.S. at 288). "Defendants therefore bear a heavy burden when seeking to dismiss a diversity action for lack of a sufficient amount in controversy." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 543 (M.D.N.C. 2015). The defendant is bound by the amount claimed by the plaintiff unless the defendant can show that "the legal impossibility of recovery" is "so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Wiggins v. N. Am. Equitable*

4

Case 1:19-cv-00515-WO-JLW   Document 20   Filed 02/09/21   Page 4 of 20

*Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)). Finally, "plaintiffs may aggregate smaller claims in order to reach the jurisdictional threshold." *JTH Tax, Inc.*, 624 F.3d at 639.

Here, Plaintiffs' Amended Complaint alleges that Plaintiffs are citizens of Texas and Defendants are citizens of North Carolina. (*See* Am. Compl. ¶¶ 4-7). As to the amount in controversy requirement, Plaintiffs have alleged damages exceeding $75,0000 for each of their four state law claims. (*Id.* ¶¶ 52, 78, 97, 121.) Taking Plaintiffs' good faith allegations at face value, it is not apparent to a legal certainty that the amount in controversy cannot be met, thus the undersigned finds that this Court has diversity jurisdiction over this matter.

Defendants arguments to the contrary are unavailing. Defendants, relying on an attestation by the Alamance County Finance Director, contend that the total amount available under Defendant Johnson's indemnity bond is "$50,000 for all claims in this matter," such that Plaintiffs cannot meet the $75,000 amount in controversy requirement for diversity jurisdiction.[5] (Docket Entry 18 at 3; *see also* Evans Aff. ¶ 2, Docket Entry 18-1.) First, Defendant Johnson's indemnity bond only governs Plaintiffs' potential remedy for their claims brought against Defendants in their *official* capacities. (*See* Docket Entry 15 at 44-46 (explaining

---

[5] Defendants mistakenly rely on *Morgan v. Spivey*, No. 5:16-CV-365-FL, 2017 WL 4399539 (E.D.N.C. Sept. 29, 2017) to make this argument. (*See* Docket Entry 18 at 3.) In *Morgan*, the Eastern District of North Carolina stated that damages for Plaintiffs' *official* capacity claims "will be limited to the extent to which the sheriff is covered under the bond purchased." 2017 WL 4399539, at *7. The Eastern District did not suggest that the bond amount had any bearing on the plaintiff's ability to recover against the defendants in their *individual* capacities. *Id.* Furthermore, the Eastern District determined that damages for plaintiff's official capacity claims were limited to the amount of the bond because the Wake County sheriff's liability insurance did not cover plaintiff's particular claims. *Id.* at *9. The Eastern District was able to make this determination because it had the exact provisions of the defendants' insurance policy before it. *Id.* at *8-9. Here, Defendants have provided no such information regarding their liability insurance policy.

5

that sovereign immunity bars actions against public officials sued in their official capacities and a North Carolina sheriff's purchase of a bond constitutes a waiver of that sovereign immunity).) Plaintiffs' Amended Complaint also includes a claim for intentional infliction of emotional distress against Individual Defendants in their *individual* capacities, which alleges damages exceeding $75,000 and is not precluded by any type of immunity. (Am. Compl. ¶¶ 46, 52; Docket Entry 15 at 49.) As Plaintiffs may aggregate their claims against Defendants to meet the amount in controversy, Plaintiffs surpass the $75,000 threshold with this claim alone.

Second, this Court has held that the amount available under a sheriff's bond does not necessarily limit the potential remedy. *See Simmons v. Corizon Health, Inc.*, 122 F. Supp. 3d 255, 270 (M.D.N.C. 2015); *Russ v. Causey*, 732 F. Supp.2d 589, 612 (E.D.N.C. 2010) *aff'm by Russ v. Causey*, 468 Fed. Appx. 267, 276 (4th Cir. 2012). In addition to the amount waived by the bond, governmental immunity is further waived by the purchase of liability insurance up to the amount of the insurance policy. *Russ*, 732 F.Supp.2d at 610 (citing *Smith v. Phillips*, 452 S.E.2d 309, 314 (N.C. Ct. App. 1994) (finding that liability insurance "insur[es] an adequate remedy from wrongs done to the plaintiff if . . . the bond does not provide an adequate remedy.")) Here, Plaintiffs allege (and Defendants nowhere dispute that) Defendant Johnson has purchased liability insurance that exceeds $75,000.000 through John Doe Corporation. (*See* Am. Compl. ¶ 9; Docket Entry 19 at 2-3; *see generally* Docket Entry 18.) Thus, even Plaintiffs' claims against Individual Defendants in their official capacities are not limited to the

6

amount of the bond by a legal certainty. Therefore, the undersigned finds that this Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332.[6]

B. <u>Legal Standard for Amendments</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) further states that "[t]he court should freely give leave when justice so requires." *Id.* Granting a motion to amend a complaint is within the discretion of the Court, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). An amended complaint is futile if it cannot withstand a motion to dismiss for failure to state a

---

[6] In response to Defendants' argument that the Court lacks jurisdiction, in their reply Plaintiffs contend that this Court "has supplemental jurisdiction over the state claims included in Plaintiffs' proposed Amended Complaint" pursuant to 28 U.S.C. § 1367 because the Court "has already asserted original jurisdiction over [Plaintiffs' claim for intentional infliction of emotional distress against Individual Defendants in their individual capacity]," and "the facts that support the proposed amended claims are the same facts that support [that claim]." (Docket Entry 19 at 3.) This Court normally considers extending supplemental jurisdiction over pendant state law claims when there is also a federal law claim at issue over which the Court has original jurisdiction. *See, e.g., Shupe v. DBJ Enterprises, LLC,* No. 1:14CV308, 2015 WL 790451, at *5 (M.D.N.C. Feb. 25, 2015) ("To exercise supplemental jurisdiction, this court must find that the state law claims arise out of the 'same case or controversy' as the federal law claim.") (quoting 28 U.S.C. § 1367). However, in the class action context, the Fourth Circuit has indicated that "[i]t does not matter whether the 'original jurisdiction' stems from a federal question or diversity." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Cir. 2001); *see also Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) ("[S]tate law claims between diverse parties that do not, however, satisfy the jurisdictional amount requirements appended to diversity actions are cognizable under supplemental jurisdiction."). In any case, the undersigned need not address whether the extension of supplemental jurisdiction is appropriate here since it appears that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as described above.

7

claim pursuant to Federal Rule of Civil Procedure 12(b)(6); thus, the Court may deny the motion. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (addition of negligence claim was futile because case would not survive motion to dismiss).

### C. <u>Waiver of Sovereign Immunity and Addition of Party Defendants</u>

As indicated above, the Court dismissed Plaintiffs' original claims against Individual Defendants in their official capacities because Plaintiffs had failed to allege waiver of sovereign immunity. (*See* Docket Entry 15 at 45-46.) "The doctrine of sovereign immunity bars actions against public officials sued in their official capacities. Sheriffs and deputy sheriffs are considered public officials for purposes of sovereign immunity." *Phillips v. Gray*, 592 S.E.2d 229, 232 (N.C. Ct. App. 2004) (citation omitted). A sheriff "waives governmental immunity when a county purchases liability insurance which provides coverage to the sheriff." *White v. Cochran*, 748 S.E.2d 334, 340 (N.C. Ct. App. 2013). This waiver "generally extends only to the extent of the insurance obtained." *Id.* (internal quotation omitted). Alternatively, a sheriff waives governmental immunity by purchasing a bond as required by N.C. Gen. Stat. § 162–8. N.C. Gen. Stat. § 58-76-5. However, the purchase of a bond waives a sheriff's immunity "only where the surety is joined as a party to the action, and only to the extent of the amount of the bond." *Cochran*, 748 S.E.2d at 339 (internal citations and quotation marks omitted).

Plaintiffs proposed Amended Complaint addresses their failure to allege waiver of sovereign immunity in their original Complaint. (*See* Docket Entry 16-2, Am. Compl. ¶¶ 7-12.) Plaintiffs now allege that Individual Defendants are "protected by a bond," "insured by one or more policies of liability insurance" purchased according to North Carolina state law, and "have waived immunity to the extent to which they are covered by liability insurance . . .

8

and the Sheriff's bond." (*Id.* ¶¶ 8, 9, 12.)  Further, Plaintiffs Amended Complaint includes allegations concerning the surety who issued the sheriff's official bond, and seeks to add NGM Insurance Company, Surety of the Sheriff's Bond, and John Doe Corporation, in its capacity as Surety on the Official Bond of the Sheriff of Alamance County, as defendants in this case.. (*Id.* ¶¶ 7, 8, 10.)

First, the Court's prior expressly gave Plaintiffs permission to amend their Complaint to allege waiver of sovereign immunity.  (Docket Entry 15 at 46 ("[T]he Court will, however, allow Plaintiffs to amend their Complaint.").)  Second, allowing Plaintiffs to amend their complaint for this purpose is proper under Rule 15.  There is no indication that Plaintiffs seek these amendments in bad faith.  Nor would such amendments be prejudicial to Defendants at this relatively early stage in the litigation.  Finally, these amendments should not be prohibited on the grounds of futility.  Here, the amendments concerning waiver of sovereign immunity would permit Plaintiffs to move forward with their claims against Individual Defendants in their official capacities, which as described below, all plausibly state a claim for relief. Accordingly, the undersigned recommends granting Plaintiffs' motion to amend their complaint to add allegations concerning the waiver of sovereign immunity and to add Defendants John Doe Corporation and NGM Insurance Company for that purpose.

### D. Amended Claims

Plaintiffs' Amended Complaint raises four state law claims against Defendants: intentional infliction of emotional distress, malicious prosecution, abuse of process, and negligent infliction of emotional distress.  (*See generally* Am. Compl.)  At the outset, the undersigned notes that in its prior Order, this Court dismissed these claims against Defendants

9

in their official capacities without prejudice because Plaintiffs had not plead Defendants' waiver of sovereign immunity in their original Complaint. (*Id.* at 46, 61-62.) Given that Plaintiffs have now properly alleged waiver of sovereign immunity and have joined the sheriff's bond surety as a party to this action, the undersigned considers these proposed amended claims and whether they should be allowed to proceed pursuant to the Rule 15 standard.[7]

With respect to all four proposed amended claims, there is no indication that Plaintiffs have sought to amend in bad faith. Nor, at this early stage in the litigation, would these amendments be prejudicial to Defendants, as they have had notice of Plaintiffs' intentions to raise all of these claims since the filing of the initial Complaint. Accordingly, the analysis below focuses on whether Plaintiffs' motion to amend these claims should be denied as futile.

**1. Intentional Infliction of Emotional Distress**

Count One of Plaintiffs' proposed Amended Complaint asserts a claim for intentional infliction of emotional distress against Individual Defendants in both their individual and official capacities. (Am. Compl. ¶ 46.) The elements of a claim for intentional infliction of emotional distress in North Carolina are "(1) extreme and outrageous conduct [by the defendant], (2) which is intended to cause and does cause (3) severe emotional distress to another." *Turner v. Thomas*, 794 S.E.2d 439, 446 (N.C. 2016) (quoting *Dickens v. Puryear*, 276

---

[7] The undersigned notes that Defendants opposed Plaintiffs' motion to amend on jurisdictional grounds and because "the amendment proposed by Plaintiffs seeks to resubmit claims already dismissed by this court and exceed the scope of the Court's order." (Docket Entry 18 at 3.) The undersigned has addressed Defendants' jurisdictional argument above and does not find that Plaintiffs' proposed amendments exceed the scope of the Court's prior order, given that the claims Plaintiffs raise in their Amended Complaint were all previously dismissed *without* prejudice. (*See* Docket Entry at 61-62.) Defendants have nowhere argued that Plaintiffs proposed amendments fail under Rule 15.

10

S.E.2d 325, 335 (N.C. 1981)).  The Court already determined that Plaintiffs sufficiently pled these elements in their original Complaint and therefore denied Defendants' motion to dismiss as to Plaintiffs' claim for intentional infliction of emotional distress against Individual Defendants in their individual capacities.  (Docket Entry 15 at 55.)

Upon review, Plaintiff's Amended Complaint only differs from the original Complaint in that it makes the additional allegation that "Defendants, as county sheriff and deputy sheriffs, are considered to be highly credible individuals in the eyes of the public on matters relating to crime.  Accordingly, Defendants knew or should have known that said false and unfounded statements would carry greater weight in the eyes of the public."  (Am. Compl. ¶ 49.)  This proposed amendment only strengthens Plaintiffs' allegations.  (*See* Docket Entry 15 at 53 ("Publication of false information which creates a high likelihood of causing plaintiff's severe emotional distress, mental anguish, humiliation, and ridicule may constitute extreme and outrageous conduct when its source would be considered highly credible in the eyes of the citizenry.") (quoting *Bryant v. Vill. of Bald Head Island*, N.C., No. 7:14-CV-223-H, 2015 WL 4769598, at *3 (E.D.N.C. Aug. 12, 2015) (internal quotations, citation and alteration omitted)).)  Therefore, because the Court has already determined that this claim should survive a motion to dismiss and Plaintiffs have alleged waiver of immunity as to this claim against Individual Defendants in their official capacities, the amendment is not futile and should be allowed.

### 2. Malicious Prosecution

Count Two of Plaintiffs' proposed Amended Complaint raises a claim for malicious prosecution against Individual Defendants in their official capacity only.  (Am. Compl. ¶ 55.)

11

A North Carolina state law claim for malicious prosecution requires a plaintiff to show that the defendant "(1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff." *Turner v. Thomas*, 794 S.E.2d 439, 444 (N.C. 2016).

Upon review of the Amended Complaint, the undersigned finds that Plaintiffs have clearly alleged sufficient facts to establish elements one and four: Defendants issued an arrest warrant against Plaintiffs for the alleged offenses of Felony Common Law Obstruction of Justice and Felony Obtaining Property by False Pretenses on May 6, 2016, and two months later, the charges were dismissed. (Am. Compl. ¶¶ 19, 38.) Regarding the second element, malice "may be shown by offering evidence that defendant 'was motivated by personal spite and a desire for revenge' or that defendant acted with 'reckless and wanton disregard' for plaintiffs' rights." *Kirschbaum v. McLaurin Parking Co.*, 656 S.E.2d 683, 688 (N.C. Ct. App. 2008) (quoting *Becker v. Pierce*, 608 S.E.2d 825, 829 (N.C. Ct. App. 2005). In their proposed Amended Complaint Plaintiffs allege that Defendants harbored "ill will and spite towards Plaintiffs" due to Plaintiffs' participation in an investigation by the North Carolina High School Athletics Association of the athletics program at Eastern Alamance High School. (*Id.* at ¶¶ 15-18, 62-65.) Plaintiffs allege that Defendants "were closely connected and tied" to the school and its athletics program. (*Id.* ¶ 18.) Plaintiff Hines was alleged to be the confidential informant that tipped off the investigation, which resulted in the forfeiture of wins and fines, after which Plaintiffs "became a target of Defendants." (*Id.* ¶¶ 16-18.) As evidence of Defendants' spite and ill will, Plaintiffs allege that Defendants set a bond of $3,000,000 following their arrest.

12

(*Id.* ¶ 64.) At this stage, these facts plausibly establish that Defendants initiated proceedings against Plaintiffs based on personal spite or a desire for revenge.

In a malicious prosecution claim, the probable cause element has been defined as "the existence of such facts and circumstances, known to the defendant at the time, as would induce a reasonable man to commence a prosecution." *Turner*, 794 S.E.2d at 444 (alteration, emphasis, and internal quotations and citation omitted). In other words, a malicious prosecution claim hinges on " whether a defendant 'laid the charge' regardless of facts that should have convinced him of plaintiff's innocence." *Id.* at 444-45 (quoting *Taylor v. Hodge*, 50 S.E.2d 307, 309 (N.C. 1948)). The Court previously dismissed Plaintiffs' common law malicious prosecution claim in part because Plaintiffs' allegations in the original Complaint concerning Defendants lack of probable cause were threadbare and conclusory. (Docket Entry 15 at 57.) Plaintiffs' Amended Complaint now alleges that Defendants "presented false, uninvestigated evidence to the Magistrate . . . causing warrants to be issued against the Plaintiffs." (Am. Compl. ¶ 60.) Plaintiffs allege that the arrest warrants did not allege enough facts to meet the essential elements of the crimes for which Plaintiffs were arrested (obstruction of justice and obtaining property by false pretenses). (*Id.* ¶ 66.) Specifically, no facts were presented to the magistrate asserting "that either of the Plaintiffs personally obtained anything of value" or that "would support the notion that Plaintiffs obstructed any public or legal investigation." (*Id.* ¶ 66-67.) Plaintiffs further allege that Defendants knew that they were presenting false information to the magistrate because "there was no meaningful attempt by Defendants at investigating this issue." (*Id.* ¶ 69.) The undersigned finds that this is enough for the Court to draw a reasonable inference that Defendants lacked probable cause

13

to initiate proceedings against Plaintiffs. Therefore, because Plaintiffs allege each of the four elements of a malicious prosecution claim with adequate specificity, amendment of their complaint to assert this claim should be allowed.

### 3. Abuse of Process

Count Three of Plaintiffs' proposed Amended Complaint raises a claim for abuse of process against Individual Defendants in their official capacity only. (Am. Compl. ¶ 81.) "The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use after it has been issued." *Barnette v. Woody*, 88 S.E.2d 223, 227 (N.C. 1955). The elements of an abuse of process claim are "[f]irst, the existence of an ulterior purpose and, second, an act in the use of the process not proper in the regular prosecution of the proceeding." *Id.* at 227-28. Further,

> The ulterior motive requirement is satisfied when the plaintiff alleges that the prior action was initiated by defendant or used by him to achieve a collateral purpose not within the normal scope of the process used. The act requirement is satisfied when the plaintiff alleges that once the prior proceeding was initiated, the defendant committed some willful act whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter.

*Chidnese v. Chidnese*, 708 S.E.2d 725, 734-35 (N.C. Ct. App. 2011) (citing *Stanback v. Stanback*, 254 S.E.2d 611, 624 (N.C. 1979)).

Plaintiffs' original claim for abuse of process against Individual Defendants in their official capacities was dismissed by this Court without prejudice because Plaintiffs' two paragraphs of allegations were "conclusory statements that [did] not advance Plaintiffs' claim 'across the line from conceivable to plausible.'" (Docket Entry 15 at 58 (citing *Bell Atlantic v.*

14

*Twombly*, 550 U.S. 544, 570 (2007).) In their proposed Amended Complaint, Plaintiffs have added factual allegations concerning Defendants' actions as they relate to this claim. (Am. Compl. ¶¶ 85-94). Plaintiffs allege that Defendants had a collateral purpose to "take revenge for Plaintiffs' alleged participation in the loss of wins and fines for Eastern Alamance High School." (*Id.* ¶¶ 92-93.) Plaintiffs allege that they were arrested on charges of Felony Common Law Obstruction of Justice and Felony Obtaining Property by False Pretenses, but Defendants deviated from the normal and regular purpose of those writs by "publicly link[ing] Plaintiffs to other perceived crimes not related to what they were charged with, without probable cause or any type of investigation." (*Id.* ¶¶ 92-93.) Specifically, Plaintiffs allege that Defendant Johnson made public statements suggesting that there was evidence of Plaintiffs' involvement in a broad human trafficking scheme that brought foreign students to the United States for work, sex, and athletics. (*Id.* ¶¶ 85-87.) With these allegations, Plaintiffs have sufficiently articulated the existence of an ulterior motive (revenge) and an act by Defendants that was "not proper in the regular prosecution of the proceeding" (publicly accusing them of unrelated crimes). *Barnette,* 88 S.E.2d at 227. The undersigned finds that Plaintiffs have shown that amendment of this claim would not be futile and therefore recommends granting Plaintiffs' motion to amend their claim for abuse of process.

### 4. Negligent Infliction of Emotional Distress

Finally, Count Four of Plaintiffs' proposed Amended Complaint raises a claim for negligent infliction of emotional distress against Individual Defendants in their official

15

capacities.[8] (Am. Compl. ¶ 99.) To establish negligent infliction of emotional distress in North Carolina, a plaintiff must show that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Wilkerson v. Duke Univ.*, 748 S.E.2d 154, 159 (N.C. Ct. App. 2013) (citing *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 395 S.E.2d 85, 97 (N.C. 1990)).

To establish negligent conduct for the first element, a plaintiff "must show that 'defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances,' and that the negligent breach of this duty proximately caused the injury." *Pridgen v. Goodyear Tire & Rubber Co.*, No. 5:05-CV-830-FL, 2008 WL 11429694, at *10 (E.D.N.C. Mar. 31, 2008) (quoting *Gordon v. Garner,* 493 S.E.2d 58, 65 (N.C. Ct. App. 1997), *disc. review denied*, 500 S.E.2d 86 (N.C. 1998)). In North Carolina, "the law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm." *Rouse v. Duke Univ.*, 914 F. Supp. 2d 717, 727 (M.D.N.C. 2012), *aff'd*, 535 F. App'x 289 (4th Cir. 2013). "In a negligence action, a law enforcement officer is held to the standard of care that a reasonably prudent person would exercise in the discharge of official duties of like nature under like circumstances." *Prior v. Pruett*, 550 S.E.2d 166, 172 (N.C. Ct. App. 2001) (citing *Best v. Duke Univ.*, 448 S.E.2d 506, 511-12 (N.C. 1994)).

---

[8] Although Plaintiffs did not explicitly label their claim as such, the undersigned construes Plaintiffs' amended claim for negligent infliction of emotional distress to be pled in the alternative to their claim for intentional infliction of emotional distress. *See Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, 179 F. Supp. 3d 544, 554 (M.D.N.C. 2016) ("Courts routinely allow allegations of intentional and negligent infliction of emotional distress to be alleged in the alternative, and on the same set of facts."); *see also* Fed. R. Civ. P. 8(3)(d) ("A party may state as many separate claims or defenses as it has, regardless of consistency.")

16

the element of severe emotional distress is established by showing that the defendant's negligent conduct resulted in "emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Johnson*, 395 S.E.2d at 97. A plaintiff "need not allege or prove any physical impact, physical injury, or physical manifestation of emotional distress" to recover. *Id.*

Plaintiffs have pled the three basic elements of a negligent infliction of emotional distress claim with enough specificity to allow amendment. In their Amended Complaint, Plaintiffs allege that Defendants owed Plaintiffs a duty of reasonable care, that they breached that duty by disseminating false information about Plaintiffs at public news conferences and by "failing to investigate the circumstances surrounding the public statements they made." (Am. Compl. ¶¶ 102-08.) Plaintiffs allege that "it was reasonably foreseeable that the negligent conduct of Defendants . . . would cause Plaintiffs severe emotional distress." (*Id.* ¶ 110.) Finally, Plaintiffs allege that Defendants' negligent conduct was the proximate cause of Plaintiffs' severe emotional distress. (*Id.* ¶¶ 113.) Specifically, Plaintiffs' state that their emotional distress manifested in "severe depression, panic disorders, and post-traumatic stress disorder." (*Id.* ¶ 114.)

However, and somewhat confusingly, Plaintiffs appear to be alleging that they are entitled to recovery either alternatively or additionally because they suffered severe emotional distress by witnessing the effects of Defendants' negligent conduct on each other. (Am. Compl. ¶¶ 101, 116-18 ("Plaintiffs, the fiancés of each other, were at all times aware, observed and perceived the injuries to themselves and each other . . . .").) In North Carolina, a

17

"bystander" negligent infliction of emotional distress claim allows a plaintiff to recover for "his or her severe emotional distress arising due to concern *for another person*, if the plaintiff can prove that he or she has suffered such severe emotional distress as a proximate and foreseeable result of the defendant's negligence." *Johnson*, 395 S.E.2d at 97 (emphasis added). Where a negligent infliction of emotional distress claim is raised by a bystander, North Carolina courts further analyze the element of foreseeability. *See Johnson*, 395 S.E.2d at 97-98. To determine foreseeability in the bystander context, North Carolina courts consider: "(1) the plaintiff's proximity to the negligent act causing injury to the other person, (2) the relationship between the plaintiff and the other person, and (3) whether the plaintiff personally observed the negligent act." *Newman v. Stepp*, 833 S.E.2d 353, 356 (N.C. Ct. App. 2019).

Plaintiffs have not alleged their proximity to the negligent act with enough specificity to establish foreseeability of harm to each other. The negligent conduct alleged in Plaintiffs' claim concerns Defendants' dissemination of false information at news conferences and a failure "to investigate the circumstances surrounding the public statements they made." (Am. Compl. ¶¶ 103-07.) Plaintiffs' Amended Complaint alleges that Plaintiffs "directly witnessed each other being falsely accused, maliciously prosecuted, [and] falsely arrested" and observed the emotional effect of the criminal process and Defendants' false accusations on each other (Am. Compl. ¶¶ 116-17), but it is not at all clear how proximate Plaintiffs were to the particular negligent acts that form the basis of this claim or whether they "personally observed" those acts. *Newman*, 833 S.E.2d at 356. Plaintiffs' Amended Complaint insinuates that Defendants were aware that Plaintiffs Hines and Thomason were a "couple" who shared a home, but Plaintiffs do not allege that Defendants knew they were engaged to be married or were likely

18

to suffer from disabling mental health conditions on account of each other's injuries. (*See* Am. Compl. ¶¶ 31, 35.) While North Carolina courts have emphasized that the bystander foreseeability factors are not requisite elements, but rather facts that could be relevant to a flexible foreseeability analysis based on all the circumstances presented, Plaintiffs simply have not provided enough information for the Court to determine whether Defendants would have been able to foresee that Plaintiffs would suffer severe emotional distress on account of their concern for each other. *Newman*, 852 S.E.2d at 109-12; *see also Gardner v. Gardner,* 334 N.C. 435 S.E.2d 324, 328 (N.C. 1993) ("Given [the plaintiff's] absence from the time and place of the tort and her failure to show that defendant knew she was susceptible to an emotional or mental disorder . . . as a result of [the defendant's] negligence and its consequences, we hold that plaintiff's injury was not reasonably foreseeable and its occurrence was too remote from the negligent act itself to hold defendant liable for such consequences.") (on motion for summary judgment).

Taking Plaintiffs' allegations as true, the undersigned finds that Plaintiffs have sufficiently pled the elements of negligent infliction of emotional distress as direct victims, but not as bystanders. Therefore, the undersigned recommends allowing Plaintiffs to amend their Complaint to the extent that it alleges that Defendants' negligent acts directly caused Plaintiffs' severe emotional distress. However, pursuant to Federal Rule of Civil Procedure 12(f), the undersigned respectfully recommends striking paragraphs 101, 116, 117, and 118 from Plaintiffs' Amended Complaint as these allegations purport to raise a bystander theory of recovery. *See* Fed. R. Civ. P. 12 (f) ("The court may [sua sponte] strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

19

### III. CONCLUSION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Amend Complaint and Add Party Defendants (Docket Entry 16) be **GRANTED** to the extent described above.

**IT IS FURTHER RECOMMENDED** that paragraphs 101, 116, 117, and 118 be stricken from Plaintiffs' Amended Complaint (Docket Entry 16-2).

_____
Joe L. Webster
United States Magistrate Judge

February 9, 2021
Durham, North Carolina