UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

NO. 1:19-CV-515

| | | |
|---|---|---|
| ARIS HINES & | : | |
| BRANDI THOMASON, | : | |
| Plaintiffs, | : | |
| | : | |
| | : | |
| TERRY S. JOHNSON, individually and | : | AMENDED COMPLAINT |
| in his Official capacity as Sheriff of | : | (Jury Trial Requested) |
| Alamance County, RANDY JONES, | : | |
| in his official capacity as Deputy Sheriff | : | |
| of Alamance County, JOHN DOE | : | |
| CORPORATION, in its capacity as Surety | : | |
| Surety on the Official Bond of the Sheriff | : | |
| of Alamance County, NGM INSURANCE | : | |
| COMPANY, and DOE DEPUTIES 1-10, | : | |
| Defendants. | : | |

COMES NOW the Plaintiffs, ARIS HINES and BRANDI THOMASON, by and through their undersigned attorneys, hereby files this Amended Complaint. This Amended Complaint relates back to the original complaint, and that the provisions in the original Complaint (Document No. 1) be incorporated by reference herein. However, this amended document is limited solely to causes of action that were previously dismissed without prejudice per Document No. 15. The Plaintiffs further adds and states the following:

**NATURE OF THE CASE**

1. This is a civil action seeking compensatory and punitive damages, pursuant to the North Carolina Constitution, violation of N.C.G.S. §126-84 (which provides protection for the Plaintiffs' reporting of improper governmental activities), and common law claims of

1

Negligent Infliction of Emotional Distress, Malicious Prosecution, Abuse of Process and Intentional Infliction of Emotional Distress.

## JURISDICTION & VENUE

2. Jurisdiction is founded upon federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00 for both Plaintiffs.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. The Plaintiffs are citizens and residents of Bell County, Texas, suffering no legal disability.

5. Upon information and belief, Defendant Terry S. Johnson is a resident of Alamance County, North Carolina, is and was the Sheriff of Alamance County, and was acting within the scope of his employment and under color of law at all times pertinent to the incidents complained of herein.

6. Upon information and belief, Defendant Randy Jones is a resident of Alamance County, North Carolina, is and was a Deputy Sheriff of Alamance County, and was acting within the scope of his employment and under color of law at all times pertinent to the incidents complained of herein.

7. Defendant John Doe Corporation is a fictitious name for the Surety on the official bond of Defendant Johnson and Randy Jones as Sheriff and Deputy Sheriff of Alamance County pursuant to N.C. Gen. Stat. § 162-8 and § 58-76-5, whose identity is presently

unknown to Plaintiffs. The true name of the corporation will be substituted for the fictitious name once the corporation's identity is learned.

8. Upon information and belief, Defendant Johnson and Defendant Randy Jones are protected by a bond issued by the Surety, and the Surety is a corporation authorized to conduct business in the State of North Carolina. Plaintiff institutes this action individually and, with respect to the claims on the official bond of Defendant Johnson and Randy Jones, also on behalf of the State of North Carolina pursuant to N.C. Gen. Stat. § 58-76-5, et seq.

9. Upon information and belief, Defendants are insured by one or more policies of liability insurance purchased pursuant to N.C. Gen. Stat. § 153A-435 or other applicable state law with respect to all acts and omissions complained of herein, or participates in a government risk pool pursuant to N.C. Gen. Stat. § 58-23-5, or maintains a funded reserve, and to such extent, Defendants have waived any official, sovereign, qualified or governmental immunity to which he might otherwise be entitled in his official capacity.

10. Upon information and belief, at all times herein mentioned, Defendant NGM Insurance Company was the surety on the official bond of the Defendant Sheriff, Terry Johnson, which was in full force and effect at said time. Defendant NGM Insurance Company is authorized to do business in North Carolina.

11. Upon information and belief, at all times mentioned, the above noted bonds, by operation of law, covered the acts and omissions of Defendant Randy Jones, Deputy Sheriff individually and in his official capacity, Terry Johnson, Sheriff of Alamance County, in his official capacity, and NGM Insurance Company, surety.

12. At all times mentioned Defendant Sheriff Terry Johnson and Defendant Randy Jones have waived immunity to the extent to which they are covered by liability insurance provided by Alamance County and the Sheriff's bond.

13. At all relevant times, Defendant Doe Deputies 1-10 have been, or were, members of the Alamance County Sheriff's Office. They are sued in their individual and official capacities and are "persons" subject to suit within the meaning of 42 U.S.C. § 1983. The true names of Defendant Doe Deputies 1-10 are unknown to Plaintiffs. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named Defendants is responsible for some part of the conduct or liabilities alleged herein. Defendant Johnson is vicariously liable for the actions of Doe Deputies 1 - 10 under doctrine of *respondeat superior*. Discovery will reveal further information concerning Doe Deputies 1-10, but Plaintiffs are informed and believe, and thereon alleges, that Doe Deputies 1-10 have been domiciled in North Carolina at all relevant times.

14. At all times mentioned herein, Defendants were acting collectively and in concert under color of law.

## FACTS

15. At the time of events complained of in this action, Plaintiffs Aris Hines and Brandi Thomason (hereinafter "Plaintiffs") were residents of Alamance County, North Carolina.

16. Sometime in 2016, Eastern Alamance High School was fined and ordered to forfeit wins by the North Carolina High School Athletic Association.

17. This order was based on a thorough investigation, tipped off by a confidential informant alleged to be Plaintiff Hines.

4

18. Upon information and belief, Plaintiffs thereafter became a target of Defendants and the Alamance County Sheriff's Office as a result of his alleged participation in the investigation by the North Carolina High School Athletic Association and because Defendants were closely connected and tied to Eastern Alamance High School athletics.

19. On May 6, 2016, an arrest warrant was issued for Plaintiffs for the alleged offenses of Felony Common Law Obstruction of Justice and Felony Obtaining Property by False Pretenses based on statements and representation by Defendants.

20. Said arrest warrants maintained allegations against Plaintiffs that did not meet each essential element of the crimes charged. For example, said arrest warrants charged Plaintiffs with Felony Obtaining Property by False Pretenses. However, there was no factual allegation stated whatsoever that asserted that either of the Plaintiffs personally obtained anything of value. Moreover, the allegations asserted by Defendants that were listed in the arrest warrants did not include facts that would support the notion that Plaintiffs obstructed any public or legal investigation.

21. Plaintiffs' arrest, seizure and deprivation of their rights violated state laws.

22. Plaintiffs were held in Alamance County jail without probable cause for several days.

23. Plaintiffs were presented before a magistrate and the Defendants specifically set a bond in the amounts of $3,000,000.00 for each Plaintiff. This exercise of authority above and beyond the scope of the duties of the Sheriff and his office.

24. Plaintiffs were released from Alamance County Jail only after having their bond reduced from $3,000,000.00 to $10,000.00 each by a district court judge upon hearing the allegations against Plaintiffs.

25. At all times relevant to this action, Plaintiff Hines was engaged to Plaintiff Thomason.

26. Defendants have defamed Plaintiffs and their families and damaged Plaintiffs' reputation, by publishing and disseminating false statements about Plaintiffs, including but not limited to false allegations of criminal activity, and by disseminating such information to members of the general public.

27. On or about May 16, 2016, Defendant Terry Johnson publicly stated in reference to Plaintiffs' charges "[t]his has the smell of a human trafficking organization." Additionally, he also stated "[b]ut the operation, is much bigger than Hines, Thomason and the Eastern Alamance student who was recruited" Johnson continued "[w]e're looking into all aspects of human trafficking. Workforce, athletes, sex trafficking, whatever. We're going to cover all the bases … These are the things I have asked them to dig and look into."

28. On or about May 17, 2016, Defendant Terry Johnson publicly said of Plaintiffs "[t]here is also evidence that Hines and Thomason may have committed similar crimes in Oklahoma and West Virginia." "I think, probably, they're the only two in Alamance County, but I think there's a bigger organization out there from Charlotte to Oklahoma, West Virginia, overseas, etc." Johnson added that "[m]ore charges are expected against the couple. These arrests may be the tip of the iceberg that we intend to break."

29. On or about May 17, 2016, Defendant Terry Johnson also publicly stated "[b]eyond allegedly scamming countless other families, [Aris Hines and Brandi Thomason] could be part of a larger human trafficking organization involving the recruitment of foreign students to the United States to go to nonexistent private schools and play sports." He also definitively stated that "[w]e know they've got someone over in these foreign

countries, which is typical of human trafficking, that is handling the situation over there, shipping them, Hines receives them, then Hines disperses them wherever he can."

30. On or about May 17, 2016 Defendant Terry Johnson said that he "believed Hines and Thomason presented a flight risk" in regards to Plaintiff's bond conditions.

31. In a news conference on or about May 17, 2016, Defendant Terry Johnson alleged that the student-athlete incident could be part of a broader human trafficking scheme. Johnson alleges the couple unsuccessfully tried to enroll three other female juveniles into the Alamance-Burlington school system. Defendant Terry Johnson later publicly stated "This causes me, folks, grave concern for where these young ladies are at."

32. Defendant Terry Johnson publicly stated authorities are searching for three girls who Sheriff Terry Johnson says were last seen with the [Plaintiff Hines] at the center of a human trafficking investigation. When deputies began their search, Sheriff Johnson said they didn't have much to go on except for a gut feeling that something was not right.

33. Nonetheless, the three girls were later found safely and Plaintiffs were never charged with human trafficking.

34. Human trafficking is a Class B2 Felony in North Carolina, punishable by up to 40 years in prison.

35. On or about May 18, 2016, Defendant Terry Johnson said in a news conference he believes the discovery of kids living in deplorable conditions at the [Plaintiffs'] home is a part of a bigger organization. There were no kids found living in deplorable conditions in Plaintiffs' home.

36. Defendants, as county sheriff and deputy sheriffs, would be considered highly credible in the eyes of the public on matters relating to crime. Defendants caused and allowed other

7

defamatory statements against Plaintiffs said at other times using other news sources, outlets and publications.

37. Defendants' false and illegal arrest and seizure of Plaintiffs caused Plaintiffs to employ an attorney to represent them on false criminal charges, for which they had to pay said attorney, and which they are entitled to recover from Defendants.

38. On or about July 6, 2018, the charges against Plaintiffs in Alamance County were dismissed. The charges were dismissed because the Alamance County District Attorney's Office did not have sufficient evidence to support the charges against the Plaintiffs.

39. Defendants' false statements have defamed Plaintiffs and their families and damaged Plaintiffs' reputations such that Plaintiffs had to move outside of the State of North Carolina.

40. Defendants' false and illegal arrest, seizure of Plaintiffs, and defamatory statements have interfered with Plaintiffs' income and has resulted in great financial damage to Plaintiffs, for which they are entitled to damages from Defendants.

41. As a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered serious and permanent financial, physical, psychological and emotional injury, for which they received and are continuing to receive medical, psychological and psychiatric attention. As a result, Plaintiffs have incurred medical and other expenses, lost wages and other financial losses.

42. As a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered permanent physical, psychological and emotional injury.

43. Also, as a direct and proximate result of Defendants' malicious, intentional and willful actions, Plaintiffs have suffered severe emotional distress, severe depression, panic

disorders, post-traumatic stress disorder, humiliation, embarrassment, public ridicule, damage to their reputations, and other pecuniary and non-pecuniary losses.

44. All actions of the Defendants were carried out in their capacities as sheriff, deputy sheriffs, law enforcement or corrections officers of and pursuant to policies and practices of Defendant Sheriff Terry Johnson.

## FIRST CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The allegations set forth in paragraphs 1 through 44 inclusive are incorporated herein as if fully set forth.

46. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, and Doe Deputies 1-10 are liable to Plaintiffs in their individual and official capacities for the intentional infliction of emotional distress. The Defendants and the various other defendants acting either personally or through their agents, falsely represented to the Plaintiffs and the news media that Plaintiffs had committed a heinous crime bordering on being a member of an international human trafficking ring.

47. This cause of action and claim results from circumstances and facts that occurred when Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, and Doe Deputies 1-10 intentionally relied on information that was obviously false and unreliable and gave statements on May 16, 2016, May 17, 2016, May 18, 2016, and on later occasions. That Defendants at the time, knew said statements were false and that said statements were calculated to cause and did in fact cause irreparable harm to the Plaintiffs.

48. The Defendants' actions constitute outrageous conduct insofar as their statements were without any basis in fact and was likely to cause Plaintiffs to be ostracized and ridiculed by their community because of their alleged involvement in such a heinous crime.

9

49. Defendants, as county sheriff and deputy sheriffs, are considered to be highly credible individuals in the eyes of the public on matters relating to crime. Accordingly, Defendants knew or should have known that said false and unfounded statements would carry greater weight in the eyes of the public.

50. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10 intentionally caused Plaintiffs emotional distress, and/or acted in reckless disregard of the likelihood of causing Plaintiffs emotional distress in committing these acts.

51. That Plaintiffs had to seek medical help to assist them with coping with the difficulties of the trauma and embarrassments that had been caused by the Defendants.

52. As a direct and proximate result of the aforesaid intentional infliction of emotional distress, Plaintiffs have suffered and continue to suffer severe and grievous mental anguish, emotional and physical distress and other damages, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00, and they are therefore entitled to an additional award of punitive damages in an amount to be set by the jury.

53. Plaintiffs have incurred and continue to incur medical expenses and other damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**MALICIOUS PROSECUTION**

54. The allegations set forth in paragraphs 1 through 53 inclusive are incorporated herein as if fully set forth.

55. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, and Doe Deputies 1-10, in their official capacities are liable to Plaintiffs for malicious prosecution.

56. Defendants in their official capacities, while acting under color of law, instituted and or caused to be instituted, without probable cause, criminal proceedings against Plaintiffs as set forth herein, and these criminal proceedings against Plaintiffs were intentional and with malice or reckless indifference.

57. An action in tort for malicious prosecution is based upon a defendant's malice in causing process to issue." *Middleton v. Myers*, 299 N.C. 42, 44, 261 S.E.2d 108, 109 (1980). To be meritorious under a claim for malicious prosecution, the Plaintiffs must show inter alia; "[1] that defendant initiated the earlier proceeding, [2] that he did so maliciously and [3] without probable cause, and [4] that the earlier proceeding terminated in plaintiff's favor." *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611 (1979).

58. In the instant case, there is clear evidence that Defendants initiated a prior frivolous action against Plaintiffs and caused or caused to be instituted against them criminal charges that were at best unsubstantiated.

59. For example, the Defendants earlier initiated or caused to be initiated felony offenses of two counts of Felony Common Law Obstruction of Justice and two counts of Felony Obtaining Property by False Pretenses each in Alamance County.

60. The Defendants presented false, uninvestigated evidence to the Magistrate seated in Alamance county North Carolina, causing warrants to be issued against the Plaintiffs.

61. The arrest warrants issued as a result of Defendants initiated proceedings provided inter-alia that the complainant were a certain A. Azelton and the Alamance County Sheriff's Office and the alleged statements that were the basis of the warrants were simply untrue.

62. Defendants actions were done out of ill will and spite towards Plaintiffs as a result of their earlier alleged participation in the investigation by the North Carolina High School Athletic Association.

63. Upon information and belief, Defendants were closely connected and tied to Eastern Alamance High School athletics and their ill-will towards Plaintiffs was developed due to the school's forfeitures of wins and heavy fines.

64. To further demonstrate this ill will, Plaintiffs were presented before a magistrate and the Defendants specifically set a bond in the amounts of $3,000,000.00 for each Plaintiff.

65. This exercise of authority where Defendants set Plaintiffs' bond was above and beyond the scope of the duties of the Defendants' office and positions.

66. Further, the arrest warrants obtained against Plaintiffs maintained allegations against Plaintiffs that did not meet each essential element of the crimes charged. For example, said arrest warrants charged Plaintiffs with Felony Obtaining Property by False Pretenses. However, there was no factual allegation stated in the arrest warrants or presented to the magistrate that asserted that either of the Plaintiffs personally obtained anything of value.

67. Similarly, the allegations asserted by Defendants that were listed in the arrest warrants and presented to the magistrate did not include facts that would support the notion that Plaintiffs obstructed any public or legal investigation at any time before or at any relevant time period.

68. There was no reasonable ground for suspicion, supported by any facts and circumstances, sufficient to induce a reasonable person to commence prosecution of Plaintiffs.

12

69. Defendants knew at the time they presented perjured, misleading, and false testimony to the magistrate and that they had no probable cause to support the warrants issued because there was no meaningful attempt by Defendants at investigating this issue.

70. This misrepresentation and fabrication to the magistrate vitiates any "probable cause" from the warrants establishing the basis for a violation for malicious prosecution.

71. Plaintiffs were released from Alamance County Jail only after having their bond, originally set by Defendants in the amount $3,000,000.00 reduced to $10,000.00 each by a district court judge after hearing the facts.

72. Defendants wrongfully and illegally prosecuted Plaintiffs by design, omission, intentionally and recklessly, misrepresenting, fabricating, and suppressing evidence, thus exposing Plaintiffs to substantial time in a state prison and or exposure to a federal indictment and prison.

73. On or about July 6, 2018, the charges against Plaintiffs in Alamance County were dismissed by the assistant district attorney citing lack of sufficient evidence to proceed at the time.

74. In this regard, the dismissing prosecutor selected the dismissal box on the dismissal form and stated: 'based on a review of the available evidence, the state is unable, at this time, to prove every element of the crime charged beyond a reasonable doubt.'

75. Further, the lack of evidence to prove every element of the crime charged is additional evidence to show that the charges at the onset were filed maliciously and without justifiable cause in which the Defendants showed reckless and wanton conduct.

76. The Defendants acted with full knowledge of the falsity of the charges instigated against Plaintiffs, and with the intent to deprive them of their liberty and cause them severe embarrassment, humiliation, and emotional distress.

77. That as a direct and proximate result of the conduct alleged, Plaintiffs sustained injury and damages as set forth hereinafter including embarrassment, public ridicule, and loss of financial resources.

78. As a direct and proximate result of the aforesaid abuse of process, Plaintiffs suffered mental suffering, injury to reputation, loss of business, expenses reasonably necessary in defending the charges, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00 and,

79. Plaintiffs are also entitled to an additional award of punitive damages for Defendants showing of actual malice towards them in the initiation of the charges and in an amount to be set at trial.

**THIRD CAUSE OF ACTION**
**ABUSE OF PROCESS**

80. The allegations set forth in paragraphs 1 through 79 inclusive are incorporated herein as if fully set forth.

81. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, and Doe Deputies 1-10, in their official capacities are liable to Plaintiffs for abuse of process.

82. The distinction between an action for malicious prosecution and one for abuse of process is that malicious prosecution is based upon malice in causing the process to issue, while abuse of process lies for its improper use after it has been issued. *Barnette v. Woody,* 242 N.C. 424, 431, 88 S.E.2d 223, 227 (1955).

14

83. For a claim of abuse of process to lie, the Plaintiffs in an action must show the malicious and deliberate misuse or of regularly issued civil or criminal court process that is not justified by the underlying legal action.

84. The abuser of the process is interested only in accomplishing some improper purpose similar to the proper object of the process.

85. On or about May 16, 2016, Defendant Terry Johnson publicly stated in reference to Plaintiffs' charges "[t]his has the smell of a human trafficking organization." Additionally, he also stated "[b]ut the operation, is much bigger than Hines, Thomason and the Eastern Alamance student who was recruited." Johnson continued "We're looking into all aspects of human trafficking. Workforce, athletes, sex trafficking, whatever. We're going to cover all the bases … These are the things I have asked them to dig and look into."

86. Also, on or about May 17, 2016, Terry Johnson publicly said of Plaintiffs "[t]here is also evidence that Hines and Thomason may have committed similar crimes in Oklahoma and West Virginia." "I think, probably, they're the only two in Alamance County, but I think there's a bigger organization out there from Charlotte to Oklahoma, West Virginia, overseas, etc." Johnson added that "[m]ore charges are expected against the couple. These arrests may be the tip of the iceberg that we intend to break."

87. On or about May 17, 2016, Defendant Terry Johnson also publicly stated "[b]eyond allegedly scamming countless other families, [Aris Hines and Brandi Thomason] could be part of a larger human trafficking organization involving the recruitment of foreign students to the United States ..." He also definitively stated that "[w]e know they've got someone over in these foreign countries, which is typical of human trafficking, that is

15

handling the situation over there, shipping them, Hines receives them, then Hines disperses them wherever he can."

88. Human trafficking is a collateral and separate charge on its own that is codified in the North Carolina General Statutes. Sex trafficking is also a collateral and separate charge, not related to the charges levied against Plaintiffs.

89. Plaintiffs were charged with the alleged offenses of two counts of Felony Common Law Obstruction of Justice and two counts of Felony Obtaining Property by False Pretenses each which were respectively enumerated under the North Carolina General Statutes.

90. The normal and regular purpose of the warrants as issued was for Plaintiffs to be arrested after allegedly obstructing justice and enrolling a juvenile in school as well as illegally obtaining authority to enroll said juvenile in school without appropriate authorization and nothing about human and or sex trafficking.

91. To be clear, Plaintiffs were never charged with these heinous crimes as disseminated to the public by Defendant Terry Johnson.

92. Sheriff Johnson had an ulterior motive when he began to publicly link Plaintiffs to other perceived crimes not related to what they were charged with, without probable cause and or any type of investigation.

93. Upon information and belief, the collateral issue at hand was Defendants' attempt to take revenge for Plaintiffs alleged participation in the loss of wins and fines for Eastern Alamance High School as evidenced in the ridiculously high bond amount set.

94. Defendants unduly influenced the bond setting process by setting Plaintiffs' bonds at $3,000,000.00 each. This exercise of authority was unreasonably invoked against

Plaintiffs to gain advantage over Plaintiffs and retaliate against Plaintiffs as to these matters that were separate from or collateral to the proceedings at hand.

95. Defendants knew that the statements presented to the magistrate and stated on the warrants were based on maliciously obtained documents riddled with misrepresentations, had no truth to them and had not been thoroughly investigated, but continued to use the ill-gotten information to threaten, annoy, harass and intimidate Plaintiffs and publish it to the general public.

96. This again was done to demean and ridicule Plaintiffs and gain leverage over the Plaintiffs in their matters before the court.

97. As a direct and proximate result of the aforesaid abuse of process, Plaintiffs suffered damages, exclusive of interest and costs, in an amount exceeding the sum of $75,000.00 and, they are also entitled to an additional award of punitive damages in an amount to be set by the jury.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98. The allegations set forth in paragraphs 1 through 97 inclusive are incorporated herein as if fully set forth.

99. Defendants, Alamance County Sheriff Terry Johnson, Deputy Randy Jones, Doe Deputies 1-10 are liable to Plaintiffs in their official capacities for the negligent infliction of emotional distress.

100. Under North Carolina state law, a cause of action for negligent infliction of emotional distress is established when the defendant negligently engaged in conduct in which it was reasonably foreseeable that such conduct would cause the Plaintiffs severe emotional distress and the conduct did in fact cause the Plaintiffs severe emotional distress. *Sorrells*

17

*v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 435 S.E.2d 320 (1993) citing *Johnson v. Ruark Obstetrics and Gynecology Assocs.*, 327 N.C. 283, 395 S.E.2d 85 (1990). To the most casual observer, the conduct of the defendants could reasonably be foreseen to have caused the Plaintiffs severe emotional distress, and they in fact caused such distress.

101. Defendants had an obligation and legal duty to use reasonable care to avoid causing emotional distress to Plaintiffs who at the time were citizens and residents of Alamance County, North Carolina.

102. Defendants breached that duty owed when Defendant Terry Johnson, including their agents and employees, engaged in negligent conduct by disseminating obviously false, unreliable and grave statements on May 16, 2016, May 17, 2016, May 18, 2016, and on later occasions.

103. That on said dates, Defendant Terry Johnson including their agents and employees, scheduled various news conferences opened to the general public where he negligently accused Plaintiffs of other heinous crimes they were not charged with and or stated facts that were not supported by information available to them at the time.

104. Defendants conduct was with malice, corrupt and outside of the scope of his authority as Sheriff because they disseminated false and misleading information about Plaintiffs through the news media on multiple occasions that had not fully vetted nor investigated.

105. That Defendants at the time, knew or after careful and prudent investigation of the facts would have discovered said statements were false and that said statements were calculated to cause and did in fact cause irreparable harm to the Plaintiffs, as alleged herein.

106. Defendants, including their agents and employees, engaged in negligent conduct by failing to investigate the circumstances surrounding the public statements they made, as alleged herein.

107. Defendants, including their agents and employees, otherwise engaged in negligent conduct as alleged herein in connection with Counts I, II, and III as stated above.

108. It should have been reasonably foreseeable that the negligent conduct of Defendants, including their agents and employees, would cause Plaintiffs severe emotional distress.

109. It was reasonably foreseeable that the negligent conduct of Defendants, including their agents and employees, would cause Plaintiffs severe emotional distress.

110. It should have been reasonably foreseeable that the negligent conduct of Defendants, including their agents and employees, would cause Plaintiffs mental anguish.

111. It was reasonably foreseeable that the negligent conduct of Defendants, including their agents and employees, would cause Plaintiffs mental anguish.

112. The negligent conduct of Defendants, including their agents and employees, was a proximate cause of Plaintiffs' severe emotional distress and mental anguish.

113. The negligent conduct of Defendants, including their agents and employees, did in fact cause Plaintiffs severe emotional distress and mental anguish. Plaintiffs suffered from and/or were diagnosed with severe depression, panic disorders, and post-traumatic stress disorder. Plaintiffs were also subject to humiliation, embarrassment, public ridicule, and damage to their reputations due to Defendants actions.

114. The severe emotional distress and mental anguish suffered by Plaintiffs qualifies as a severe and disabling emotional or mental disorder that may be generally recognized and diagnosed by professionals trained to do so.

115. The severe emotional distress and mental anguish inflicted on Plaintiffs Hines and Thomason caused them substantial injury, including losing the comfort, solace, society, companionship and relationship they enjoyed with each other before Defendants inflicted the injuries, damages and harm to each of them.

116. As a result of their severe emotional distress and mental anguish, Plaintiffs have suffered damages.

117. As a direct and proximate result of the above described negligent infliction of emotional distress, Plaintiffs are entitled to recover from Defendants, compensatory damages exceeding $75,000.00 for the personal injuries caused by the severe emotional distress and mental anguish.

118. These damages include, but are not limited to, past and future medical and/or counseling expenses, life care expenses, reasonable compensation for pain, suffering, emotional distress, mental suffering, loss of enjoyment of life, and lost income.

119. All actions of Defendants were carried out in their capacities as sheriff, deputy sheriffs, law enforcement or corrections officers of and pursuant to policies and practices of Defendant Sheriff Terry Johnson.

120. Deputy Sheriff Randy Jones, while acting in his official capacity, was acting as the alter ego of his employer Sheriff Terry Johnson.

121. That as a direct and proximate result of the conduct alleged, Plaintiff sustained injury and damages as set forth herein.

**DAMAGES**

122. As a result of the aforementioned conduct, Plaintiffs Aris Hines and Brandi Thomason have sustained the following damages and injuries: deprivation and violation of their

common law and state rights; permanent arrest records; loss of pregnancy and/or miscarriage of their unborn child; violation of their privacy; permanent injuries to their reputations; economic injuries; emotional and mental injuries; violation of their integrity; loss of valuable time; embarrassment, humiliation, compensatory damages; punitive damages; and all other injuries set forth above.

WHEREFORE, Plaintiffs, ARIS HINES and BRANDI THOMASON, respectfully requests prays:

1. That the Court empanel a jury to hear their cause;
2. That the Court awards Plaintiffs compensatory damages, punitive damages, economic damages, against Defendants in such sums as Plaintiffs demonstrate by the evidence;
3. That the Court awards Plaintiffs their reasonable attorneys' fees, costs and expenses incurred in this action; and
4. Other and further relief as the facts warrant and justice requires.

This the 6th day of March, 2021.

/s/M. Anthony Burts II
M. Anthony Burts II
Attorney for Plaintiffs
N.C. State Bar No.: 49878
2520 Sardis Road North, Suite 234
Charlotte, NC 28227
Telephone (704) 751-0455

/s/Onyema A. Ezeh
Onyema A. Ezeh
Attorney for Plaintiffs
N.C. State Bar No.: 43394
2520 Sardis Road North, Suite 112
Charlotte, NC 28227
Telephone: (704) 817-8774

21

CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing was served on opposing counsel through the Electronic Case Filing system in effect for the United States District Court for the Middle District of North Carolina on:

Frazier Hill & Fury, R.L.L.P.
PO Box 1559
Greensboro, North Carolina 27402
whill@frazierlawnc.com

This the 6th day of March, 2021.

/s/M. Anthony Burts II
M. Anthony Burts II

/s/Onyema Ezeh
Onyema Ezeh

22