UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NO. 1:19-CV-515

| | |
|---|---|
| ARIS HINES & BRANDI THOMASON,<br><br>Plaintiffs,<br><br>v.<br><br>TERRY S. JOHNSON, individually and in His official capacity as Sheriff of Alamance County, RANDY JONES, in his official Capacity as Deputy Sheriff of Alamance County, JOHN DOE CORPORATION, in its capacity as Surety on the Official Bond of the Sheriff of Alamance County, NGM INSURANCE COMPANY, and DOE DEPUTIES 1-10,<br><br>Defendants. | **ANSWER TO AMENDED COMPLAINT (D.E. 23)** |

**COME NOW,** Defendants, Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones, by and through Counsel, in Response to the Amended Complaint (D.E. 23) of the Plaintiffs as follows:

### NATURE OF THE CASE

1. It is ADMITTED that Plaintiffs attempt to bring a civil cause of action against Defendants.

It is DENIED that Plaintiffs are entitled to relief from these answering Defendants under any theory of law.

### JURISDICTION AND VENUE

1

2. ADMITTED.

3. ADMITTED.

## PARTIES

4. ADMITTED upon information and belief.

5. ADMITTED.

6. ADMITTED.

7. It is ADMITTED that Defendant Johnson has a surety bond as required by law.

Except as admitted herein, DENIED.

8. It is ADMITTED that Defendant Johnson has a surety bond as required by North Carolina law, the terms and conditions of which speak for themselves. It is further ADMITTED upon information and belief that the company issuing said bond is authorized to conduct business in North Carolina.

Except as admitted herein, DENIED.

9. It is ADMITTED that Defendants have an insurance policy, the terms and conditions of which speak for themselves.

It is DENIED that Defendants have waived sovereign immunity or any immunity available to them.

10. It is ADMITTED that the bond covered the acts and omissions of Defendant Deputy Sheriff Randy Jones and Defendant Sheriff Terry Johnson, in their official capacities. It is also ADMITTED that NGM is a corporation authorized to

conduct business in North Carolina. It is further ADMITTED that the terms of the bond speak for themselves with respect to when it was in effect.

Except as admitted herein, the remaining allegations in paragraph 10 are DENIED.

11. It is ADMITTED that a surety bond is in place, the terms and conditions of which speak for themselves.

Except as admitted, DENIED.

12. DENIED.

13. These Defendants cannot respond to these allegations as they lack the identity of any Deputy. Therefore, at this time, the allegations in paragraph 13 are DENIED.

14. DENIED.

## FACTS

15. ADMITTED upon information and belief.

16. ADMITTED upon information and belief.

17. DENIED for lack of information sufficient to form a belief as to the truth or falsity of these allegations.

18. DENIED.

19. It is ADMITTED that an arrest warrant was issued for Plaintiffs.

Except as admitted herein, DENIED.

20. DENIED.

21. DENIED.

22. DENIED.

23. It is ADMITTED that Plaintiffs were arrested. Otherwise, DENIED.

24. It is ADMITTED Plaintiffs were bonded out of jail. Otherwise, DENIED.

25. DENIED for lack of information and belief.

26. DENIED.

27. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 27 are DENIED.

28. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 28 are DENIED.

29. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 29 are DENIED.

30. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 30 are DENIED.

31. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 31 are DENIED.

32. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 32 are DENIED.

33. It is ADMITTED upon information and belief that Plaintiffs were never charged with trafficking.

Except as admitted herein, DENIED for lack of information and belief.

34. ADMITTED.

35. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 35 are DENIED.

36. It is ADMITTED these Defendants are credible. Otherwise, DENIED.

37. DENIED.

5

38. It is ADMITTED upon information and belief the charges against Plaintiffs were dismissed.

Except as admitted herein, the remaining allegations in paragraph 38 are DENIED.

39. DENIED.

40. DENIED.

41. DENIED.

42. DENIED.

43. DENIED.

44. DENIED as stated based upon the allegations set forth in the Amended Complaint.

## FIRST CAUSE OF ACTON
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. These Defendants hereby incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 44 of Plaintiffs' Amended Complaint.

46. DENIED.

47. DENIED.

48. DENIED.

49. DENIED.

50. DENIED.

51. DENIED.

52. DENIED.

6

53. DENIED.

## SECOND CAUSE OF ACTION
## MALICIOUS PROSECUTION

54. These Defendants hereby incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 53 of Plaintiffs' Amended Complaint.

55. DENIED.

56. DENIED.

57. The cited herein speaks for itself. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

58. DENIED.

59. It is ADMITTED that Plaintiffs were charged with certain crimes. Otherwise, DENIED.

60. DENIED.

61. DENIED.

62. DENIED.

63. DENIED.

64. DENIED.

65. DENIED.

66. DENIED.

67. DENIED.

68. DENIED.

69. DENIED.

70. DENIED.

71. It is ADMITTED that Plaintiffs bonded out of jail. Otherwise, DENIED.

72. DENIED.

73. It is ADMITTED the charges against Plaintiffs were dismissed. Otherwise, DENIED.

74. The dismissal document speaks for itself. Otherwise, it is DENIED these Defendants are liable to Plaintiffs in this matter.

75. DENIED.

76. DENIED.

77. DENIED.

78. DENIED.

79. DENIED.

**THIRD CAUSE OF ACTION**
**ABUSE OF PROCESS**

80. These Defendants hereby incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 79 of Plaintiffs' Amended Complaint.

81. DENIED.

82. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

83. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

84. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

85. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 85 are DENIED.

86. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 86 are DENIED.

87. It is ADMITTED that Defendant Johnson made certain statements pertaining to Plaintiffs, the best evidence of which is a video and/or transcript of same.

Except as admitted herein, the remaining allegations of paragraph 87 are DENIED.

88. It is ADMITTED that human trafficking is a criminal offense. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

89. ADMITTED upon information and belief.

90. The contents of the warrants speak for themselves. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

91. Plaintiffs' charges speak for themselves. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

92. DENIED.

93. DENIED.

94. DENIED.

95. DENIED.

9

96. DENIED.

97. DENIED.

## FOURTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98. These Defendants hereby incorporate by reference as if fully set forth herein, their responses to paragraphs 1 through 97 of Plaintiffs' Amended Complaint.

99. DENIED.

100. North Carolina tort law speaks for itself. It is DENIED that these Defendants are liable to Plaintiffs in this matter.

101. Paragraph 101 contains a legal conclusion to which no response is required. To the extent a response is required, DENIED.

102. DENIED.

103. DENIED.

104. DENIED.

105. DENIED.

106. DENIED.

107. DENIED.

108. DENIED.

109. DENIED.

110. DENIED.

111. DENIED.

112. DENIED.

113. DENIED.

114. DENIED.

115. DENIED.

116. DENIED.

117. DENIED.

118. DENIED.

119. DENIED.

120. DENIED.

121. DENIED.

## DAMAGES

122. DENIED.

## FIRST FURTHER DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted such that Defendants are entitled to judgment as a matter of law.

## SECOND FURTHER DEFENSE

These Defendants plead Governmental Immunity in bar of some claims against them.

## THIRD FURTHER DEFENSE

These Defendants plead public officials' immunity in bar of some claims against them.

## FOURTH FURTHER DEFENSE

To the extent service of process was deficient, these Defendants plead the provisions of Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure in bar of some claims against them.

## FIFTH FURTHER DEFENSE

These Defendants plead the Statute of Limitations in bar of some or all claims against them.

## SIXTH FURTHER DEFENSE

These Defendants plead probable cause, good faith, and authority of law in bar of some claims against them.

## SEVENTH FURTHER DEFENSE

These Defendants plead qualified immunity in bar of any Federal claims against them in their individual capacities.

**WHEREFORE,** having answered the Amended Complaint of the Plaintiffs, Defendants Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones, respectfully pray that:

1. Plaintiffs' claims against them be dismissed;

2. That the costs of this action, to include reasonable attorney's fees, be taxed to Plaintiffs;

3. That all issues triable be tried by a jury and;

4. For all such other and further relief as the Court may deem just and proper.

12

This the 19th day of April, 2021.

/s/ William L. Hill
William L. Hill (NCSB #21095)
*Attorney for Defendants Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones*

**FRAZIER HILL & FURY, R.L.L.P.**
Post Office Drawer 1559
Greensboro, North Carolina 27402-1559
Telephone:   (336) 378-9411
Facsimile:    (336) 274-7358
whill@frazierlawnc.com

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Onyema Ezeh
M. Anthony Burts II
2520 Sardis Road North, Suite 112
Charlotte, NC 28277
Ezeh@theoxbridgelawfirm.com
anthony@burtslaw.com
*Attorneys for Plaintiffs*

Michael R. Ortiz
Heather E. Connor
Ortiz & Doyle, PLLC
Post Office Box 30427
Raleigh, NC 27622
Mortiz@ortizdoyle.com
Hconnor@ortizdoyle.com
*Attorneys for Defendant NGM Insurance Company*

This the 19th day of April, 2021.

    /s/ William L. Hill
William L. Hill (NCSB #21095)
*Attorney for Defendants Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones*

14