UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00515

| | |
|---|---|
| ARIS HINES and BRANDI THOMASON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TERRY S. JOHNSON, individually and in his Official capacity as Sheriff of Alamance County, RANDY JONES, individually and in his official capacity as Deputy Sheriff of Alamance County, JOHN DOE CORPORATION, in its capacity as Surety on the Official Bond of the Sheriff of Alamance County, NGM INSURANCE COMPANY, and DOE DEPUTIES 1-10, ) <br> ) <br> Defendants. ) | **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE TRIAL DATE** |

NOW COME Defendants Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones (collectively "Defendants") by and through undersigned counsel, and pursuant to Local Rule 40.1(b) and hereby submit this Reply in support of their Motion to Continue Trial ("Motion"), (DE 90) and in response to Plaintiffs' Opposition to Defendants' Motion to Continue Trial Date ("Response"), (DE 91) and, in accordance with LR 7.3(h), address only those matters newly raised in Plaintiffs' Response.

For the reasons set forth herein, as well as those set forth in the aforementioned pleadings, Defendants respectfully request that Defendants' Motion to Continue Trial Date be GRANTED. In support of this reply, Defendants state as follows:

1. Plaintiffs' Response in Opposition to Defendants' Motion to Continue Trial Date ("Response"), (DE 91), lacks complete information, reflects a concerning misunderstanding of the Court's prior orders and trial schedule in this matter, and evinces a disregard for the parties' responsibility to cooperate in matters of discovery pursuant to Fed. R. Civ. P 37.

2. First, Plaintiffs assert that Defendants' explanation with respect to the deadlines for pre-trial submissions "appears to be intentionally disingenuous and a futile attempt at misleading the Court." (DE 91 ¶ 1.) In support of their argument Plaintiffs assert that the only order issued by this Court governing the parties' pre-trial submissions is Docket Entry 48, which sets forth the deadline by which the parties must file trial briefs, proposed jury instructions, and proposed jury verdict forms. (*Id.*) However, Plaintiffs are either unaware of or have intentionally disregarded the Court's Scheduling Order, which includes pre-trial submission deadlines of January 20,

2023, January 27, 2023, and February 3, 2023 for pretrial disclosures, motions in limine, and objections to motions in limine, respectively. (DE 47.)

3. Further, as previously referenced by Defendants, the Court currently has pending before it cross-motions for summary judgment, which could narrow the issues at trial and, until decided, could needlessly cause the parties and the Court to expend time and resources preparing and deciding motions that could potentially be mooted by the Court's decision on the parties' motions for summary judgment.

4. Second, the Supplemental Expert Report of Greg Bristol (the "Supplement") provided by Plaintiffs to Defendants on January 17, 2023 contains numerous placeholders for Mr. Bristol's purported testimony and expert conclusions. (*See* Ex. 1 at 4, 7, 14, 15, 17, 18, 19, 27.) In addition, Plaintiffs did not supplement Mr. Bristol's expert file and it is unclear whether the numerous documents referenced therein have ever been produced to Defendants. Further, based on the placeholders described, *supra*, it appears that Plaintiffs intend to file another supplement to Mr. Bristol's expert report at an

even later date. Indeed, as set forth in the Supplement, Mr. Bristol states:

> The two depositions received on January 16, 2023 have not been reviewed, and are important for Expert to review *before making a final determination in this matter*.

(Ex. 1 at 4.) (Emphasis added.)

As a result, while Defendants previously elected not to depose Mr. Bristol, they now may have no choice but to seek to do so in order to glean the nature and content of Mr. Bristol's proposed expert testimony. Plaintiffs are required to cooperate in the discovery process pursuant to Fed. R. Civ. P. 37. That has not occurred here. More concerningly, however, such lack of cooperation could result in substantial prejudice to Defendants.

5. Finally, Defendants counsel attempted to confer with Plaintiffs' counsel on three occasions prior to filing the instant motion, twice by email and once telephonically. Each attempt to do so was ignored by Plaintiffs' counsel. Indeed, Defendants' counsel was not able to receive any response from Plaintiffs' counsel until the parties came together in-person yesterday during a previously scheduled mediation.

6. Defendants object to Plaintiffs' implication that the instant motion is nothing more than "a covert and overt attempt to delay this trial and extend discovery." While Plaintiffs may assert they are ready for trial, their lack of knowledge or understanding of the Court's pre-trial scheduling order (DE 47), the incomplete expert report, and their refusal to cooperate with Defendants' counsel suggests otherwise.

7. Based on the foregoing, and for the reasons set forth in Defendants' Motion to Continue Trial Date (DE 90), Defendants respectfully request that their motion be granted.

This the 19th day of January, 2023.

By: /s/ Elizabeth C. Stephens
ELIZABETH C. STEPHENS
N. C. Bar No. 59890
Cranfill Sumner LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
E-mail: EStephens@cshlaw.com

Patrick H. Flanagan
N. C. Bar No. 30787
CRANFILL SUMNER LLP
Post Office Box 30787
Charlotte, NC 28230

Telephone: (704) 332-8300
Fax: (704) 332-9994
Email: phf@cshlaw.com
*Attorneys for Defendants Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:19-cv-00515

| | |
|---|---|
| ARIS HINES and BRANDI THOMASON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TERRY S. JOHNSON, individually and in his Official capacity as Sheriff of Alamance County, RANDY JONES, individually and in his official capacity as Deputy Sheriff of Alamance County, JOHN DOE CORPORATION, in its capacity as Surety on the Official Bond of the Sheriff of Alamance County, NGM INSURANCE COMPANY, and DOE DEPUTIES 1-10, )<br>)<br>Defendants. ) | **CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that on January 19, 2023 the foregoing *Reply to Plaintiffs' Opposition to Defendants' Motion to Continue Trial Date* was filed electronically with the Clerk of the United States District Court for the Middle District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of the same to all counsel of record registered with the CM/ECF system.

                                                By:   /s/ Elizabeth C. Stephens
                                                                   ELIZABETH C. STEPHENS
                                                                   N. C. Bar No. 59890
                                                                   Cranfill Sumner LLP
                                                                   Post Office Box 27808

Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
E-mail: EStephens@cshlaw.com

Patrick H. Flanagan
N. C. Bar No. 30787
CRANFILL SUMNER LLP
Post Office Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
Fax: (704) 332-9994
Email: phf@cshlaw.com
*Attorneys for Defendants Sheriff Terry S. Johnson and Deputy Sheriff Randy Jones*